The next case called for oral argument is People v. Tripp. There is a motion to cite additional authority and the state's objection. We grant the motion to dismiss. If the state would like to respond to the additional authority cited, we will, of course, grant you that motion. Counsel, you may proceed. Lawrence O'Neill May I please report, Counselor? My name is Lawrence O'Neill from the Office of the State Appellate Defender, and I represent Stephen Tripp in this matter. This appeal is from the trial court's dismissal of Mr. Tripp's amended post-conviction petition. The sole argument presented here is that the case should be remanded for an evidentiary hearing for a finding of fact on the limited question of whether a post-conviction counsel complied with Supreme Court Rule 651C. The factual dispute came about on appeal in the following way. After Mr. Tripp filed a successive post-conviction petition in which he raised several issues, counsel was appointed to represent him. Counsel filed an amended petition raising one issue. The court granted the state's motion to dismiss. On appeal, here I raise the issue that the dismissal order must be vacated and the clause remanded because post-conviction counsel did not file a Rule 651C certificate. Then, after I filed my brief, counsel filed his 651C certificate in the circuit court, and the appellate prosecutor filed a motion to supplement the record on appeal with the certificate. I filed an objection. I then filed a motion to supplement the record on appeal with Mr. Tripp's affidavit, in which he attested that counsel never consulted with him regarding his contentions of constitutional deprivations or the issues raised in the pro se petition. The appellate prosecutor objected to my motion to supplement the record. Thus, we have a factual dispute presented here on appeal as to whether post-conviction counsel complied with the rule. This question of fact cannot fairly be resolved in the appellate court. The solution offered by the state is that the state, and only the state, can add to the record on appeal evidence related to compliance with the rule. However, at the circuit court level, the defendant has the Under the solution offered by the state, where only the state can add to the record on appeal, the defendant's right to challenge counsel's compliance can be uniformly and easily circumvented by the expedient of delaying every certificate until the case is on appeal. The petitioner will then have no ability to respond. That cannot be the law. If this were a matter of first impression, it would be wrong for this court to find that to be the law. However, this is not a matter of first impression. It is well established that the case should be remanded for a hearing where a factual dispute was raised in the appellate court regarding compliance with the rule. I cited this court's decision in People v. Dean and the Second District's ruling in People v. Finkleya in my reply brief as authority to support this argument. Finkleya involved the same situation as presented here, where while on appeal, a factual dispute arose as to whether counsel complied with the rule 651C. The Finkleya court relied on our Illinois Supreme Court in People v. Stewart. In Stewart, while the case was being briefed, the Supreme Court granted the defendant's motion to supplement the record on appeal and granted summary remand, directing the trial court to conduct a hearing on the evidentiary dispute concerning counsel's compliance with the rule. The Finkleya court then followed Stewart and remanded to the trial court for an evidentiary hearing and a finding of fact as to whether counsel complied with Rule 651C. The same outcome should occur here. The state cites no authority that overrules the Supreme Court in Stewart nor asserts that Finkleya and Dean were wrongly decided on the question of whether the defendant could respond on appeal to a certificate filed for the first time on appeal. Thus, Mr. Well, basically what you're saying, you've got the, you've got two supplemental motions that have been granted in this case. The years of the states. And so what you're basically saying, this has transformed this into a factual dispute that has to be remanded. That's correct, your honors. That's correct. That is correct. It has to be remanded for factual determination as to whether counsel complied with the rule. The posture of the case now, this dispute of fact arose here in the appellate court. This court cannot resolve that issue. And the authorities hold that in a situation such as this, the case has to be remanded for the limited purpose of an evidentiary hearing and a finding of fact as to counsel's compliance with the rule. Does Mr. Tripp ask your honors to remand this case for this limited hearing, an evidentiary hearing, and a finding of fact on this question? Are there any further questions, your honors? I don't believe there are. Thank you, counsel. Thank you. May it please the court. Counsel? Under Rule 651C, the record, quote, shall contain showing which may be made by the certificate of the petitioner's attorney that the attorney has complied with requirements of Rule 651C. So the Illinois Supreme Court stated in Perkins in 2007 that the Rule 651C certificate creates a presumption of compliance with that rule. Is it any rebuttable presumption? It's rebuttable, your honor, based on the contents of the record on appeal, the existing record on appeal. The rule does not contemplate that the presumption can be defeated by a late self-serving. Well, let me, I mean, this is somewhat unusual. It is. So if you've got, I understand that proposition. But if the record initially on the 651 wasn't made in the trial court, and then there's a late filing, which is allowed under the appellate, under various decisions, and the certificate establishes a presumption, but it's a rebuttable presumption, and then also late, there is filing of an affidavit that argues in rebuttal to that, why shouldn't it be remanded for a determination? We can't be put in the position of looking for substantiation in the record if the record had not been made in the trial court, and therefore it's not in the record before us. So why shouldn't it be remanded for a limited factual inquiry as to the matters raised in these conflicting cases? The 651C was drafted and has been interpreted to state that compliance is presumed where that certificate exists. The courts have held that the certificate takes the place of a finding of fact. I mean, the rule states that the showing may be made by the certificate. And so remand for a finding of fact is always improper because the trial court, because no finding of fact. Well, then aren't you converting the 651 certificate into a new rebuttable presumption? It's rebuttable by the contents of the existing record on appeal. Right, but if the 651 had not been filed in the existing record on appeal and is only in the record as a supplement to the 651, you can't possibly, I mean, metaphysically you can't have the record altered by the late filing of the 651 petition, I mean the certificate. So that sort of, doesn't that turn it into an irrebuttable presumption? Well, as you state, Your Honor, the Illinois Supreme Court and then the appellate courts have allowed the supplementation of the record on appeal. I don't think that's an issue. Right. That's clear and we've granted the motion. Right. Oh, I was going to ask you what you said because I didn't hear. Oh, I'm sorry. I'm fighting a cold. I'm not speaking loudly enough. We've allowed the supplement of the affidavit, the certificate of compliance. We've allowed the defendant's affidavit and so, but all of this presumes a record is supplement to a record since it didn't exist. My question is since this record as it now stands did not exist in the trial court and there was no finding in effect of what are clearly conflicting affidavits, why wouldn't we prudently remand this for a limited finding of fact to resolve the questions raised by these conflicting affidavits? Well, then, Your Honor, my response is that the defendant's affidavit that's been added to the record doesn't create a factual conflict. The defendant's affidavit states, I did not discuss my post-conviction claims with Mr. Dernbeck, counsel, before I received his drafted amended post-conviction petition and affidavit in the mail. That's the operative sentence of his affidavit. But the defendant, but how does that statement, which is now in the record on appeal, overcome the presumption that of Rule 651C compliance? I'd argue that it doesn't. The defendant hasn't cited any authority for the proposition that the correspondence by mail, which is contemplated in the rule as a way of complying with the rule, cannot include a draft amended petition. So I'd argue that there's no issue of material fact requiring resolution by the trial court. I'd also call the court's attention to the facts of Stewart, which are described in Peeble v. Finkley, cited by the defendant. In Stewart, and this is discussed in Finkley, there was no Rule 651C certificate filed on appeal. There were dueling affidavits filed on appeal, and the affidavit filed by the state just attested to the fact that the defense counsel had conferred with the defendant relative to the issues, which should be presented. But that was not in Rule 651C certificate. And that's why the court in Stewart remanded for a determination, a factual determination, of whether counsel had complied with Rule 651. So Stewart is distinguishable. And Finkley noted that it was, that it ruled the way that it did because the state in Finkley didn't distinguish Stewart on any grounds. The people here are distinguishing Stewart because here there is a Rule 651C certificate that's before the court, whereas in Stewart there was no such certificate. I'd also note, as long as I'm distinguishing cases, that in Dean, that Dean involved a Rule 604D certificate, not a Rule 651C certificate, and it's never been cited in the Rule 651C context, and also that Finkley's never been followed or cited by any published opinion. Actually, I'd also like to point out that the reply brief on page one cites People v. Suarez for the proposition that Rule 651C certificate does not create a presumption that counsel complied with the rule, but actually Suarez says that counsel's filing of a supplemental petition does not create that presumption. In Suarez there was no certificate. So here there's no factual dispute, only at best a dispute about whether counsel's performance as described by the defendant complied with Rule 651C. I'd point the court to People v. Jones, which is cited in the people's filings, which states that there's nothing in Rule 651C that suggests that the certificate is intended to be a comprehensive recounting of all of post-conviction counsel's efforts. A presumption that can be defeated by this affidavit submitted to the appellate court that only makes an assertion with regard to the means by which the obligations of Rule 651C were complied with doesn't create the kind of factual dispute that could require remand if remand were indeed contemplated by Rule 651C, as I would argue that it is not. That was long-winded. Have I addressed your concern, Your Honor? I'm sorry? Have I addressed your concern, Your Honor? Yes, you've addressed it. Thank you. Okay, thank you. Excuse me. I believe that completes my comments. I don't believe there are any further questions. Thank you, counsel. Your Honor, counsel referred to Mr. Tripp's affidavit, and the argument here, Mr. Tripp, is that now that Your Honors have granted the motions to supplement, there is a factual dispute regarding counsel's compliance. And the opposing counsel urges that Mr. Tripp's affidavit was not sufficiently established, and that there is a factual dispute regarding a question of fact disputing, rebutting post-conviction counsel's certificate. 651C requires that counsel consult with the attorney to ascertain his contentions of deprivation of constitutional right. When counsel read the section of Mr. Tripp's affidavit, she did not mention paragraph 3, where Mr. Tripp attests that post-conviction counsel never consulted with him regarding the contentions of constitutional deprivations and the issues that I raised in my pro se petition. So Mr. Tripp's affidavit clearly establishes that there is a dispute of fact regarding counsel's compliance with 651C's consult with Mr. Tripp regarding his contentions of constitutional deprivation. The authorities that I've relied on, Stewart and Finkleya and Dean, are clear that in their holding that where there is a factual dispute regarding counsel's compliance, that the case must be remanded for limited hearing. Those cases have not been overruled. They directly control in this case, and I ask your honors, unless there are any other questions, to remand this case for a limited hearing and a finding of fact, which is the only way that this dispute can be resolved the way the posture of the case is developed. Here in the appellate court, a question of fact was raised that this court cannot address, and it's only appropriate under Stewart and Finkleya and Dean that this court be remanded for a limited hearing and a finding of fact on the question of counsel's compliance with 651C. Are there any other questions, your honors? I don't believe there are. Thank you. Thank you. We appreciate the briefs and thank you.